UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Criminal Action No. 23-cr-00222-GPG

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

2.    JONATHAN ARVAY,

        Defendant.

_____

**MR. ARVAY'S UNOPPOSED MOTION FOR AN ENDS OF JUSTICE EXCLUSION OF TIME PURSUANT TO 18 U.S.C. § 3161(h)(7)(A) and (B)**
_____

Jonathan Arvay, by his attorney, Martha H. Eskesen of MARTHA H. ESKESEN, P.C, submits this Unopposed Motion for an Ends of Justice Exclusion of Time Pursuant to 18 U.S.C. § 3151(h)(7)(A) and (B).  Mr. Arvay respectfully requests that the Court exclude 90 days from the existing speedy trial deadline of October 19, 2023.

**I.**    **Conferral**

Defense counsel conferred with government counsel, Assistant U.S. Attorney Andrea Surrat, regarding this motion.  The government does not oppose the relief requested in this motion.  Conferral with the co-defendants' counsel is not necessary because neither co-defendant has been arrested.

**II.**    **Certification of Counsel pursuant to Crim. Practice Standard III(B)(2)(c)**

Defense counsel has also conferred with Mr. Arvay.  He understands an exclusion of time conceptually and agrees to the requested exclusion of 90 days from the existing speedy trial deadline.

**III.     Procedural History**

    1.     On April 19, 2023, the federal grand jury returned a five-count indictment against Nathan Sugar, Jonathan Arvay and Jovan Walker charging violations of 18 U.S.C. § 1955 (prohibition of illegal gambling business) and 18 U.S.C. § 371 (conspiracy).  The indictment also includes a criminal forfeiture allegation.  (Doc. 1).

    2.     On July 23, 2023, the federal grand jury returned a nineteen-count superseding indictment against Nathan Sugar, Jonathan Arvay and Jovan Walker charging violations of 18 U.S.C. § 1955 (prohibition of illegal gambling business and 18 U.S.C. § 371 (conspiracy) and a criminal forfeiture allegation.  (Doc. 6).  The superseding indictment includes multiple additional charges against Nathan Sugar for money laundering and tax violations *id.*, Counts 3 – 19, and a criminal forfeiture allegation.

    3.     Mr. Arvay self-surrendered on August 10, 2023, and had his initial appearance before the magistrate judge.  (Doc. 14).  The government did not seek detention.  The magistrate judge set a personal recognizance bond with conditions of release (*Id.*, Docs. 19 and 20) and appointed the undersigned pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A to represent Mr. Arvay.  (Docs. 14 and 17).  The magistrate judge also conducted the arraignment and discovery hearings on that date.  (Doc. 14).

    4.     This Court held a telephone status conference on September 1, 2023, with counsel and discussed with counsel speedy trial dates, location of trial, case process

and the defense's intention to see this ends-of-justice exclusion of time. *See* Courtroom Minutes (Doc. 27).

5. Pursuant to the Discovery Conference Memorandum and Order entered on August 10, 2023, the seventy-day speedy trial deadline is October 19, 2023. Thirty-eight days remain on the speedy trial clock.[1]

## IV. Background Information and Facts Relevant to the Requested Continuance

6. The government alleges that between 2018 and 2022, the defendants conducted, financed, managed, supervised, owned or operated Fish Game establishments that were illegal gambling businesses which relied on cryptocurrency, Obsidian Digital Asset Coin (known as "ODAC" or "ODA Coin"), to pay out their customers' winnings which cryptocurrency can then be sold for United States currency less a transaction fee using a CTM (digital asset exchange machine similar to an ATM (automated teller machine)) that is separately owned and operated and not part of the Fish Game establishments. The government's investigation targeted at least sixteen locations (target locations where search and seizure warrants were executed) in Colorado, nine of which were allegedly the Fish Game establishments. The investigation yielded a staggering amount of data and information.

7. Thus far, the government has produced some of the data and information including evidence seized at the sixteen target locations and information/evidence

---

[1] Thirty-two days have passed since August 10, 2023, leaving thirty-eight days until October 19, 2023 by the undersigned's calculation.

developed during the investigation. On August 10, 2023, the government informally provided defense counsel with a search warrant and 89-page affidavit in support of it. Thereafter, the government made formal discovery disclosures on August 21, August 30, and September 1, 2023. The disclosures are voluminous and are comprised of investigative reports (8853 Bates numbered items), orders (130 Bates numbered items), search warrants and search and seizure records (9777 Bates numbered items), phone records, business records, e-mail account information and e-mail communications, audio and video recordings, photographs, and bank records (the exact number of items has not yet been calculated). Certain discovery is subject to a protective order. (Doc. 26). This discovery will take time to review and analyze.[2] Counsel must conduct a detailed review of the discovery prior to being able to assess the government's case; counseling Mr. Arvay and preparing motions and for trial.

8. Expert witness assistance may be necessary in the case to adequately and effectively represent Mr. Arvay. Counsel must determine what specific expert assistance may be necessary. This will depend on further communication with Mr. Arvay and completion of counsel's review of the case.

9. As stated in § II above, counsel has discussed this request for an ends of justice continuance with Mr. Arvay. He agrees that more time is necessary for adequate preparation of his case, understands that there is discovery he can review only in the defense team's presence, and additional discovery is forthcoming.

---

[2] Government counsel has advised that additional discovery is forthcoming.

**V.      Standard for Continuances**

10. Title 18 U.S.C. §3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

11. Pertinent factors that apply to an "ends of justice" finding in the present case include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
>     . . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §3161(h)(7)(B). *See also United States v. Toombs*, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

12. In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider. *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. See *id*. No single factor is determinative. *See id*.

13. The decision to grant an "ends of justice" continuance is within the sound discretion of the Court. *Toombs*, 574 F. 3d at 1262. "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 130 S. Ct. 1390 (2010).

**VI.   Argument**

14. This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*. Accordingly, Mr. Arvay and his counsel request that this Court exclude 90 days from the speedy trial calculation.

15. Given the circumstances described above, this case is unusual and complex such that the current time limits are insufficient to ensure adequate representation of Mr. Arvay. 18 U.S.C. § 3161(h)(7)(B)(ii). Further, the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant . . . reasonable time necessary for effective preparation." 18 U.S.C. §3161(h)(7)(B)(i) and (iv).

16. Applying the *West* factors:

    a. Undersigned counsel began representing Mr. Arvay on August 10, 2023. In order for counsel to effectively represent Ms. Roeder, undersigned counsel must have the time necessary to evaluate and review the discovery with Mr. Arvay, conduct necessary investigation and legal research, assess any potential for a disposition without trial, and evaluate motions and trial issues. Since August 10, 2023, current counsel has exercised diligence; however, despite due diligence, counsel cannot be effectively prepared to file motions and proceed to trial by the October 19, 2023 speedy trial deadline. Additional time will allow counsel the time necessary to complete a thorough review of the discovery and the case, confer with Mr. Arvay, investigate the case, request expert witnesses as necessary, evaluate the strength of the government's case, and prepare for motions and trial.

b. It is anticipated that granting the requested continuance will accomplish undersigned counsel's need for additional time. Thus, the continuance, if granted, would accomplish the purpose underlying the need for the continuance.

c. The government does not object to the requested continuance. Counsel does not presume in any given instance that the Court would or would not be inconvenienced by a requested continuance. Counsel does not intend inconvenience to this Court. Nevertheless, it behooves the Court to ensure that Mr. Arvay has effective assistance of conflict-free counsel. Counsel will endeavor to lessen the chance of inconvenience while ensuring she provides competent representation to Ms. Roeder.

d. The final *West* factor is the need asserted for the continuance, and the harm that the defendant might suffer if this request is denied. The need for the continuance is described throughout this motion. Without the requested continuance, defense counsel will be unable to adequately review discovery, confer with Mr. Arvay, conduct a complete investigation, engage in discussions with the government, file appropriate motions, and prepare for trial. Without the exclusion of time from the speedy trial calculations, defense counsel will be unable to provide effective assistance of counsel, and Mr. Arvay's right to be effectively represented in these proceedings will be seriously damaged.

## VII. Conclusion

17. Accordingly, Mr. Arvay respectfully requests that the Court grant this motion and issue an Order pursuant to 18 U.S.C. §3161(h)(7)(A) and (B) excluding 90 days from the present speedy trial deadline. By the undersigned's calculation, ninety days from October 19, 2023 would be January 17, 2024.

Dated: September 11, 2023              MARTHA H. ESKESEN, P.C.

s/ Martha H. Eskesen
Martha H. Eskesen
7887 East Belleview Avenue, Ste. 1100
Denver, CO 80111
Telephone: (303) 228-1668
Facsimile: (303) 573-4921
Email: meskesen@eskesenlaw.com

*Attorney for Jonathan Arvay*

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on September 11, 2023, I electronically filed the foregoing **MR. ARVAY'S UNOPPOSED MOTION TO EXCLUDE TIME PURSUANT TO 18 U.S.C. § 3161(h)(7)(A) and (B)** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Andrea Surrat, Assistant U.S. Attorney
Andrea.Surrat@usdoj.gov

And I hereby certify that I have mailed or served the foregoing document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc) indicated by the non-participant's name:

Jonathan Arvay		(via U.S. Mail)

> MARTHA H. ESKESEN, P.C.
>
> s/ Martha H. Eskesen
> Martha H. Eskesen
> 7887 East Belleview Avenue, Ste. 1100
> Denver, CO 80111
> Telephone: (303) 228-1668
> Facsimile: (303) 573-4921
> Email: meskesen@eskesenlaw.com