IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Criminal Action No. 1:23-cr-00222-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. NATHAN SUGAR, and

2. **JONATHAN ARVAY**, and

3. **JOVAN WALKER,**

    Defendants.

## ORDER

This matter is before the Court on Defendant Jovan Walker's Amended Unopposed[1] Motion for an Ends of Justice Continuance (D. 56). Defendant Walker requests a one-hundred-

---

[1] The matter is unopposed by the Government. While the Court notes Co-Defendant Arvay's objection (D. 59) to a 180-day continuance request, the Court nonetheless grants the request for this continuance for both Defendant Walker and Arvay. In his response/objection, Co-Defendant Arvay notes that *his* speedy trial deadline is January 17, 2024 (by virtue of a previously granted continuance). Co-Defendant Arvay does not consent to join in Defendant Walker's request for a 180-day continuance; but, Co-Defendant Arvay states in D. 59 that he would agree to a continuance to February 29, 2024. "A single trial is ideal when the government plans to recite a single factual history, put on a single array of evidence, and call a single group of witnesses." *United States v. Margheim*, 770 F.3d 1312, 1320 (10th Cir. 2014) (internal quotations and citation omitted). In this case, Defendant Arvay has not moved for a severance. *See* 18 U.S.C. § 3161(h)(6) (allowing for a "reasonable delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted). I have also examined this matter in light of the three *Vogl* factors articulated by the United States Court of Appeals for the Tenth Circuit: (1) whether the defendant is free on bond; (2) whether the defendant zealously pursued speedy trial; and (3) whether the circumstances further the purposes behind the exclusion. *United States v. Vogl* 374 F.3d 976, 984 (10th Cir. 2004). Defendant Arvay is free from custody on conditions of release, has not moved to sever, and has previously moved (D. 28) for an ends of justice exclusion. Weighing the *Vogl* factors, I find it reasonable to attribute the delay requested by Defendant Walker to Defendant Arvay.

eighty-day (180 days) ends of justice continuance of the deadlines as set forth in the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, and for a continuance of dates and deadlines as set forth below. For the following reasons, the motion is GRANTED.

The motion implicates the Speedy Trial Act of 1974, which is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). The Act requires that a defendant's trial commence within seventy days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded and do not count toward the seventy-day limit. *See* 18 U.S.C. § 3161(h)(1)-(8).

The Speedy Trial Act provides, in pertinent part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Hill*, 197 F.3d at 441. First, the Court must consider the following factors listed in § 3161(h)(7)(B):

> (i)   Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

2

    (ii)    Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act].

    (iii)    Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

    (iv)    Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance will outweigh the best interests of the public and the defendant in a speedy trial." *Hill*, 197 F.3d at 441; 18 U.S.C. § 3161(h)(7)(A). Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *Hill*, 197 F.3d at 441 (quoting *United States v. Dorian*, 882 F.2d 1511, 1516 (10th Cir. 1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *United States v. Dorian*, 882 F.2d at 1516).

The motion describes the various factors believed to necessitate the exclusion of 180 days from the speedy trial calculation. Defendant Walker was indicted on two counts: Count 1: a

3

violation of 18 U.S.C. § 1955 (prohibiting illegal gambling business) and Count 2: a violation of 18 U.S.C. § 371 (conspiracy for illegal gambling business). Indictment at D. 1.

In support of his request for continuance, Defense counsel for Defendant Walker states that on October 20, 2023, defense counsel received initial discovery from the government and has been advised that a supplemental production is in progress. The initial discovery contains over 60,000 items made up of PDF documents, JPEG files, and media files of various lengths. The supplemental production has not been surveyed but was too large to download via USAFX and a external drive is being provided by the government.  Thus Defense Counsel needs additional time to investigate Mr. Walker's case, time to review discovery and then discuss it with Mr. Walker, who is on bond and resides out-of-state.  Defense counsel also needs additional time to conduct legal research and file any pretrial motions.  Counsel informs the Court that investigation in this case might also require interviews with witnesses outside the State of Colorado.  The Court finds that despite working diligently on this case, defense counsel will be unable to render effective assistance within the current speedy trial time frame.

Based on the relevant record considered as a whole, the Court finds that it would be unreasonable to expect adequate preparation, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c).  The Court has considered the required factors under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Accordingly, the Court FINDS that:

(1) Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(b)(i);

(2) Even considering due diligence, failure to grant the motion would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 1361(h)(7)(B)(iv); and

(3) Therefore, the ends of justice served by granting the motion outweigh the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

It is, therefore, ORDERED that:

(1) Defendant Walker's Amended Unopposed Motion for an Ends of Justice Continuance of 180 days is GRANTED (D. 56).

(2) The new Speedy Trial date, which includes all tolled time, for both Defendants is **June 4, 2024**;

(3) The current deadlines are VACATED. The parties SHALL contact Chambers at Gallagher_Chambers@cod.uscourts.gov within one week to set a status conference where the parties shall be prepared to set a trial date. The status conference shall be held no later than forty-five days prior to the expiration of the new speedy trial period. Pre-trial motions are due by April 19, 2024, and the responses are due by May 3, 2024.

(4) If any party objects to the Speedy Trial calculation in this Order, the party SHALL notify the Court within fourteen (14) days.

Dated this November 9, 2023:

Gordon P. Gallagher

United States District Judge