IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Criminal Action No. 23-cr-00222-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

(2) JONATHAN ARVAY,

    Defendant.

## ORDER

Before the Court is Defendant Arvay's Motion to Compel Disclosure of Existence and Substance of Promises of Immunity, Leniency or Preferential Treatment (*Brady* and *Giglio* Materials) (D. 130).  Defendant Arvay moves the Court to order the Government to disclose certain information related to governmental promises of immunity.  In large part, the Government and Defendant Arvay agree that such disclosures are warranted.  But the Government disputes that disclosures relating to non-witnesses are appropriate, and potentially that it must produce what Defendant Arvay describes as "records, notes, memoranda, or documents relating to any of [his] requests."

1

## I.  UNDISPUTED MATTERS

The Government agreed to provide—except as to uncharged co-defendants, informants, or co-conspirators who are not testifying—the following information:[1]

¶ 1(a) – any agreements not to prosecute a witness for any crime(s);

¶¶ 1(b), 2(a), 2(g) – any grants of immunity;

¶¶ 1(c) – (d) – any recommendations for leniency in prosecution or sentencing for any crimes;

¶ 1(f) – any agreement to allow such witnesses to plead guilty to lesser charges;

¶¶ 1(e), 2(b), 2(h) – any benefits or consideration provided in exchange for testimony;

¶ 2(c) – any threats or force used to induce testimony;

¶¶ 2(d), (f) – any prior criminal record; and

¶ 2(e) – any compensation or remuneration paid in exchange for cooperation or testimony.

The Court acknowledges the parties' agreement and memorializes it here as an Order of the Court. The Government SHALL continue to provide such information on a rolling basis as such evidence comes into its possession.[2]

---

[1] Defendant Arvay's motion includes a list of apparently undisputed requests (*see* D. 130 at 4). The listed paragraph number correspond with the paragraph numbers of Defendant Arvay's requests, as reflected in his motion.

[2] There is a slight dispute over the timing of disclosures, which does not merit significant consideration. Defendant Arvay requests "immediate" disclosure of the materials. But is it axiomatic that one cannot provide that which they do not have. In the Tenth Circuit, it is well-settled that *Brady* and *Giglio* materials need only be disclosed in time for effective use at trial. *See United States v. Scarborough*, 128 F.3d 1373, 1376 (10th Cir. 1997); *United States v. George*, 778 F.2d 556, 561 (10th Cir. 1985). The Government agrees to provide information "as such evidence comes into its possession" (D. 134 at 3) and will be held to that commitment.

## II.  DISPUTED MATTERS

Defendant states that "[t]he government disputes providing . . . records, notes memoranda or documents" relating to his various requests (D. 130 at 4).  Moreover, the Government opposes providing information regarding "charging decisions with respect to non-witnesses" (D. 134 at 4).

### A.  Records, Notes, Memoranda, and Documents

Defendant Arvay broadly requests "[a]ll records, notes, memoranda, or documents relating to any of [his] requests" (D. 130 at 3).  On its face, this request appears to conflict with Federal Rule of Criminal Procedure 16(a)(2), which exempts from disclosure "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case."  *See United States v. Lujan*, 530 F. Supp. 2d 1224, 1265 (D.N.M. 2008) (holding that while *Brady* and the Jencks Act might demand disclosure of interview notes in certain instances, Rule 16 did not); *see also United States v. Smaldone,* 544 F.2d 456, 461 (10th Cir. 1976) (holding that generalized notes of counsel or agents taken during a witness interview are not discoverable); *United States v. Weaver*, 992 F.Supp.2d 152, 160 (E.D.N.Y. 2014) ("The government correctly notes that it need not produce notes from interviews with government trial witnesses unless those notes 'contain material favorable to the defense,' are a 'substantially verbatim recital' of the witness' statement, or have been reviewed or adopted by the witness.").

Of course, the Government may have constitutional disclosure obligations beyond the parameters of Rule 16.  Because only the prosecution knows what is undisclosed, it is best poised to gauge the likely net effect of the evidence.  *Banks v. Reynolds*, 54 F.3d 1508, 1517 (10th Cir. 1995).  That is why duty to determine what evidence is material and what disclosures are required

3

under *Brady* rests with the prosecution. *Id.* "The prosecution will necessarily have to exercise some discretion in determining whether evidence in its possession is exculpatory, and therefore subject to disclosure under *Brady*." *United States v. McVeigh*, 923 F. Supp. 1310, 1314 (D. Colo. 1996). The prosecution must resolve close cases and doubtful questions in favor of disclosure. *Id.*

The Court is satisfied that the Government fully comprehends its disclosure obligations under Rule 16, along with its continuing duty to disclose material exculpatory and impeachment evidence under *Brady* and *Giglio*. At this juncture, the Court is not persuaded that an order setting forth the Government's disclosure obligations with more specificity is warranted—an order directing the Government to comply with the general standards outlined above will suffice. The Court therefore ORDERS that, consistent with Rule 16, *Brady*, and *Giglio*, the Government shall continue producing discoverable evidence, and need not produce evidence not subject to these requirements. In other words, the Government shall produce "records, notes, memoranda, or documents relating to any of [Defendant Arvay's] requests," but only to the extent these materials are not excepted from Rule 16 or are required to be produced under *Brady* and *Giglio*.

### B. Information Regarding Non-Witnesses

Defendant Arvay requests the same information indicated above as to co-conspirators who will not testify. In support of his position, Defendant Arvay generally refers to settled law regarding *Brady*, *Giglio*, and their progeny as they relate to testifying witnesses (D. 130 at 5–7). But Defendant cites no additional caselaw to support his theory that the Court should require the Government to produce such information as to individuals who will not be testifying. Nor does he articulate why the Government's charging decisions with respect to non-witnesses are material to his defense. Instead, Defendant Arvay merely notes that there are four individuals whom

Defendant considers to be unindicted co-conspirators and perhaps others who participated but were not prosecuted (*id*. at 7 n. 1). He further observes that the Government offered a co-defendant leniency in the form of pretrial diversion.

But Defendant conflates a decision not to charge or pursue a non-witness co-conspirator with the Government's *Brady/Giglio* obligations. The Government responds, at least in-part, by citing to various cases that stand for the proposition that charging decisions are generally not admissible as evidence at trial (D. 134 at 5). The upshot, at least in the Government's view, is that a person's uncharged status, without more, cannot support an order compelling discovery. The Government's response represents, however, that, "the government will evaluate any evidence or information [requested for uncharged, non-testifying co-defendants, informants, or co-conspirators] . . . and will disclose such evidence or information in accordance with its legal obligations, including *Brady, Giglio*, and Fed. R. Crim. P. 16" (*id.* at 6). No more is required.

Accordingly, Defendant's Motion is DENIED.

DATED August 1, 2024.

BY THE COURT:

Gordon P. Gallagher
United States District Judge

5